Day, J.
Plaintiffs’ action is for partition of lands, particularly described in the petition, being 155 acres of land in Seneca County. The plaintiffs Annie R. Huber, Orilla Six and Emma Hamaker, are children of Elizabeth Six, deceased, having one Levi Six for their father; while the defendants, Frederick Free, John Free and others, are children and grandchildren of the said Elizabeth Six by a former marriage, and having one Frederick Free, deceased, for their father and grand father. The real estate in controversy was owned by Frederick Free, deceased, in his life time, he having title thereto in fee. He died in 1842, leaving Elizabeth, his widow, eight children, all minors, and a last will and testament, by Which he devised and disposed of all his property, including the real estate in question. The widow, Elizabeth Free, subsequently married Levi Six, and bore six children by him, three of whom are the plaintiffs in this case. In 1892 the said Elizabeth Six died, leaving a last will and testament, in which she devised the said lands to the plaintiffs and defendants, and by virtue of this said last will, plaintiffs claim to be tenants in common with defendants, and demand partition of the 155 acres. The provisions of the will of both Frederick Free and Elizabeth Six, are copied in the petition, and stated as a basis of the claim of plaintiffs.
The answer of defendants concedes the material facts stated in the petition, that Frederick Free, deceased, was the owner in-fee of the real estate sought to be partitioned, was the husband of Elizabeth, the father and grandfather of the defendants; the making of the will by Frederick Free, disposing of his property, his death in 1842; the subsequent marriage of his widow to Levi Six; that plaintiffs are the lawful issue of such marriage; the last will of Elizabeth devising the land to plaintiffs and defendants; her death in 1892, and denies that plaintiffs are seized of an estate or *335 ¡have any right or title in or to the land in any proportion whatever; denies that Mrs. Six had any interest or right in the land or right or power to devise any interest or title therein to the plaintiffs. Defendants claim title and possession of the land in themselves, and pray that partition be ■denied and that title be quieted in them.
A reply disputes the claim of defendants, and prays as in the petition.
The facts in the case are undisputed. Plaintiffs and defendants are in agreement as to the facts, so that the questions arising are of law purely, as applied to the conceded facts; and a proper disposition of them involves a consideration and construction of the provisions of the last wills of Frederick Free and Elizabeth Six, requiring us to ascertain •and declare the rights, powers and intention of the two testators, and give force and effect to such intention when ascertained.
Mrs, Six, by her last will, devised some portion of this land to the plaintiffs, and if she had right and power to make such deivse, plaintiffs are entitled to partition as a matter of right. If, however, she had no such right or power, plaintiffs must fail, and defendants are entitled to the relief demanded by them, that of having their title quieted as against the plaintiffs. Whatever interest, title or power of disposition by devisee was possessed by Mrs. Six, came "to and vested in her by virtue of the provisions of the will ■of Frederick Free, deceased. That was her only source of title and power of disposition, and none other is claimed; and, as no question is made as to the entire clearness of the provisions of her last will, the whole controversy turns upon •and is settled by a reasonable and proper interpretation of The provisions of the will of Frederick Free, deceased.
The portions of that will necessary to be considered in -determining the question before us, are as follows:
*336 “First — 'I give and bequeth to my beloved wife,Elizabeth Free, all of the real and personal property and all of my rights and credits of every description, and all the property owned by me either in possession or expectancy, to manage and control the same during her life at her discretion, with the power to sell and dispose of such personal property as she shall deem best and to receive and appropriate the proceeds to the best advantage. And I do also authorize her to rent or lease the real estate owned by me and apply the proceeds in like manner as her judgment shall deem proper, with the condition that she shall conform to the direction of this my will in regard to the buildings and improvements on the farm on which I now live, and in regard to the raising and supporting my children as hereinafter directed.
“Fifth — It is my will, also, that my wife shall raise and educate and provide for my children and support them out of the proceeds of the property aforesaid, and do therefore appoint and nominate her as their guardian, and do enjoin upon her to raise them in habits of industry and economy and inculcate upon them as far as may be the duties of Christianity.
“Sixth — And I do also further will that my wife shall dispose of all the aforesaid property including anything owned by me at her death, and do empower her to devise and bequeath the same as she deems proper and right, reposing confidence in her fidelity and affections toward my cihldren, and trusting to her judgment to provide for them to the best advantage.”
The claim is made on behalf of plaintiffs, that, by the provisions of the sixth item of the will, title absolute, in all the testator’s property, remaining undisposed of at fhe death of his then wife,' vested in her, with full and expressed authority and power to devise and bequeath the same to whomsoever she would, whether of kin to the decedent or not; that such was the clearly expressed intention of the testator and the legal effect of the language employed in formulating the item. On the other hand it is insisted, for defendants, that the intention of the testator and legal effect of the will was to vest in Elizabeth a trust estate *337 only, for the use of herself and children of herself and Frederick Free, then in existence; and while she was empowered by Item 6 to dispose of the property remaining at her death, by devise or bequest, yet the plain provisions of the will, properly and reasonably interpreted, under the well defined and well known rules of construction, limited her power of disposition to the children and heirs at law of Frederick Free, deceased.
We think the latter claim the correct one.
All the title or interest possessed by the widow, Elizabeth Free, came to her by virtue of the provisions of the first and fifth Items of the will, and was, substantially, an estate in trust, for the use of herself and her three children, with power to manage and control the entire estate during her life, and to dispose of the personal property and appropriate the proceeds of the best advantage, as directed by the will. This was not such an estate or interest as could be disposed of by devise or bequest, by her; and the only authority she possessed to so dispose of it, was conferred by Item-6. No additional or further title or interest is vested in her by the provisions of Item 6. That Item only confers on her the power of disposition of all property remaining at her death, and does not purport to confer any additional estate. A reasonable and proper construction of the provisions of Item 6, therefore, settles and determines the conflicting claims of plaintiffs and defendants. It is true the provisions of the first clause of this Item are broad and general, and if considered and interpreted alone and without reference to the last clause of the Item, or to the context, would seem to give absolute and unlimited power of disposition by devise or bequest; but we may not thus consider and interpret it. It must be considered in connection with all the other portions and provisions of the will. The entire instrument must be read and construed together, each part with every other part, in order to gather, from the reading of the whole, the intention of the maker.
*338 The rule of construction is plainly laid down in the 32 Ohio St. 1, where it is held: “In the construction of a will, it is well settled as a paramount rule, in this state, that the intention of the testator, as gathered from the whole will, must control where such intention is not in conflict with -the law, or against public policy; and words in a will are to be -understood according to their ordinary, natural and legal significance unless it is manifest from the context or from other provisions of the will that the testator had used them in a different sense and unless the sense in which they were used is clearly apparent.” It is also laid down by the Supreme Court, in a number of cases, that in construing a will for the purpose of discovering the intention of the testator, the court will look at the circumstances under which the will was made and the subject to which it relates, as, the state of his property, his family and the like. Following this rule of construction, the problem we have seems quite easy of solution, and when we consider the situation and surroundings, and duties of the testator, and the words ■employed by him in formulating his will, disposing of his affairs, we regard it as exceedingly plain what his purpose ■•and intention was.
The situation and conditions' confronting Frederick Free, were, that he was about to leave his wife a widow, and bereft of a father’s care, a family of eight children, all infants ■of tender years, who were to be reared, supported, educated and made into good citizens. He was leaving only a modérate estate which was applicable for that purpose and for the support of the mother of his children, and was not more ■than sufficient. His wife was stouthearted, a good manager, thrifty, and well equipped for the trust he was compelled ■and was about to confide in a trustee. In carrying this purpose into effect, it was necessary to clothe the trustee selected with power to manage and control his property, and with ■authority to educate, train to business habits, and mould *339 "the character of his children. In accomplishing this the trustee would necessarily be at unequal expenditure for their proper education and establishment in a life business. It might, reasonably, be necessary to extend aid to some and not to others, or, in unequal sums; and in such case, fairness would require an equalization in the final disposition of the estate. In view of these conditions, his duty would seem clear, and with this situation before him, to influence his action, the testator executed the instrument of writing in •question, making final disposition of his property and affairs; ■and to what purpose? Applying the rule of construction just quoted, considering the provisions of the entire will all together, giving the words their natural legal significance and regarding them in the apparent sense in which they were employed, in connection with the light thrown by recalling the surrounding circumstances relating to the state of his property and his family, we reach the conclusion it was the clear intention of the testator by the provisions of Items 1 and 5 of the will to place his property of all kind, under the management and control of his wife, during her life, in trust for the use of herself and their children, with power to sell the chattel property, if necessary, for use in the interim, and eventually, by the power of disposition by devise or bequest, as provided in Item 6, to equalize them fairly ■and justly as heirs of his estate, in a final adjustment and distribution. The intention to provide and care for the beneficial interest of his own children is apparent in every paragraph and sentence of the will, and an absence of purpose to make provision for children other than his own, is also ■apparent. The power of disposition by devise or bequest, ■conferred on the wife by Item 6, we hold, is not absolute, but is modified and limited, not only by the various provisions of the will preceding Item 6, but by the peculiar wording of Item 6 itself. After conferring power of disposition, by devise, on the wife, the testator makes’use of the words: “reposing confidence in her fidelity and affection towards *340 my children, and trusting to her good judgment to provide for them to the best advantage. ’ ’ These words in the connection they appear, properly regarded and given their legal and natural significance, are almost, if not altogether, an absolute and positive direction by the testator requiring his wife to provide for his children by devising all his property remaining at her death, to them, in proportions suggested by her good judgment. The two clauses constituting Item 6 might, without the least infringing on any recognized rule-of construction, be transposed so that the item,in substance, would read: “I have confidence in my wife’s fidelity and affection for my children, and I trust to her good judgment to provide for them to the best advantage, therefore I empower her to dispose of all of my property remaining at her death, by devise or bequest, as she may deem right.” If such were the form of this item of the will, it may well be-doubted if any claim would be interposed, of power or right on the part of Mrs. Six to divert any part of the estate from' its legal and rightful line of descent; yet we think this-transposition and statement of the substance of the item may be made with entire propriety, and is authorized by the settled rules of construction. If this is correct, it settles the proper interpretation of the provisions of Item 6, without referring to any other provision of the will; but when< we consider the item in connection with all other terms, it becomes entirely clear that the power of disposition was limited and confined to the testator’s own children. When Mrs. Six undertook to divert some part of the estate to her children by Mr. Six, she was without power or right, and her efforts'was futile; the devise was invalid, and conferred no right on the devisees, the plaintiffs. There will be judgment accordingly, dismissing the petition and quieting title as prayed in the answer and cross-petition.
Stransefslcy; Noble & Kepple; Brewer & Breioer, for plaintiffs.
Seney & Sayler, for defendants.